# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER WAKLEY, *et al.*, | ) | CASE NO. 1:24-CV-2182 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| JASON WALKER, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

On December 16, 2024, Plaintiffs Alexander and Victor Wakley filed suit against Defendants for defamation per se, requesting two million dollars in compensatory damages and three million dollars in punitive damages. (ECF No. 1). Defendants were served on January 2, 2025 and January 14, 2025. (ECF No. 5). However, Defendants failed to appear or defend against this lawsuit. On March 5, 2025, Plaintiffs applied for an entry of default. (ECF No. 7). The Clerk entered default against Defendants on March 18, 2025. (ECF No. 8). On March 20, 2025, Plaintiffs moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) in the amount of $5,000,000 "plus interest at the statutory rate of 5% per annum from the date of the judgment, and costs of suit." (ECF No. 9, PageID #67–68). Plaintiffs also request that Defendants be permanently enjoined from engaging in posting "derogatory and false information" regarding Plaintiffs and be ordered to remove posted information on all social media regarding Plaintiffs that violates "Social Media 'Community Standards.'" (*Id*. at PageID #68).

"An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). Default judgment on well-pleaded allegations establishes only Defendants' liability; Plaintiffs must

1

establish the extent of damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). "To be well-pleaded, the complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Nat'l Auto Group, Inc. v. Van Devere, Inc.*, 2021 WL 1857143, at *3 (N.D. Ohio May 10, 2021). The Court must determine whether the facts are sufficient to state a claim for relief as to the cause of action for which Plaintiffs seek default judgment, defamation per se. *Id*.

Plaintiffs' complaint alleges that Plaintiff Victor established "Save Our Veterans," a not-for-profit 501(c)(3), in August 2009 to help unemployed and underemployed veterans like his nephew, Plaintiff Alexander. (ECF No. 1, PageID #3–4). Plaintiffs allege, "Save Our Veterans established a raffle program which allows for individuals to assist Save Our Veterans for as little as $20 per raffle ticket." (*Id*. at PageID #6). On November 11, 2024, Plaintiff Alexander entered Defendant Walker's business, S&W Auto Service Center, to attempt to sell raffle tickets. (*Id*.). Defendant Walker stated he was "not interested." (*Id*.). Plaintiff Alexander was approached by police who informed Plaintiff Alexander that Defendant Walker called and stated "[t]here is a con artist going through Conneaut from business to business claiming he is with the 'Save the Veterans' organization and trying to sell you raffle tickets for a fake raffle." (*Id*. at PageID #7). Plaintiff Alexander requested the police contact Plaintiff Victor. (*Id*.). Plaintiff Victor provided the police the Save Our Veterans tax I.D. number, 90-0512309, so they could confirm the legitimacy of the organization. (*Id*.).

Plaintiff Alexander alleges he attempted to visit several more businesses and was met with hostility. (*Id*. at PageID #8). One business owner informed Plaintiff Alexander of a Facebook post on "the Conneaut Ohio Community Chat" written by Defendant Walker, stating:

> All Conneaut businesses beware!!!  There is a con artist going through Conneaut
> from business to business claiming he is with "Save The Veterans" organization

> and trying to sell you raffle tickets for a fake raffle…he is not with any organization! This is a scam! I tried accessing the website he claimed on his flyer as well as the number he was giving out right in front of him and none of it worked. The tax ID on the flyer comes back to his personal LLC. I gave him a few choice words and kicked him out. Do not give him any money!!! Call the cops.

(*Id*.). Plaintiffs allege that Plaintiff Victor "engaged in an extensive exchange" with Defendant Walker, but Defendant Walker maintained his post on his personal Facebook account. (*Id*. at PageID #10). Plaintiff Victor requested the post in the Conneaut Ohio Community Chat be removed and the post was removed. (*Id*.). As it relates to damages, Plaintiffs state they "have suffered immeasurable and irreparable harm and economic loss to their personal and more importantly professional reputation each of which have been forever diminished in the community which they serve." (*Id*. at PageID #11).

To assert a defamation claim under Ohio law, Plaintiffs must allege "1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault amounting at least to negligence on the part of the publisher; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Kendel v. Loc. 17-A United Food and Commercial Workers*, 835 F. Supp. 2d 421, 433 (N.D. Ohio 2011). Generally, statements are defamatory per se if the statement tends to injure Plaintiffs in their trade, profession, or occupation. *Jewel Sanitary Napkins, LLC v. Sprigs Life Inc.*, 2024 WL 908876, at *3 (N.D. Ohio March 4, 2024).

Neither Plaintiff is named in the allegedly defamatory Facebook post. The only potentially identifying information is the mention of "Save The Veterans." However, Plaintiffs' organization is named Save Our Veterans. Plaintiffs' allegations do not satisfy the burden to show Plaintiffs are entitled to relief. Additionally, Plaintiffs provided no evidence in support of the damages requested.

Federal Rule of Civil Procedure 55(b)(2) permits, but does not require, the Court to conduct an evidentiary hearing to determine damages. *Vesligaj v. Peterson*, 331 F.App'x 351, 354 (6th Cir. 2009). The Court may rely on Plaintiffs' affidavits in support of damages without the need for a hearing. *Goins v. Winkel*, 2025 WL 495003, at *3 (N.D. Ohio Feb. 14, 2025). Plaintiffs attached an affidavit to their motion for default judgment. (ECF No. 9, PageID #60–63). The affidavit does not address damages. In no instance have Plaintiffs provided any support for their claimed damages.

The Court finds that the record provides no support to enter a default judgment awarding damages. Plaintiffs' motion and supporting materials are insufficient for the Court to enter default judgment. Accordingly, Plaintiffs' motion for default judgment is **DENIED WITHOUT PREJUDICE**. Plaintiffs are granted leave until **August 13, 2025** to refile a properly supported motion pursuant to Fed. R. Civ. P. 55(b)(2) and this Opinion and Order.

**IT IS SO ORDERED.**

Date:  July 15, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**